## In re BEACH. *
### Patent Appeal No. 3188.

Court of Customs and Patent Appeals.
Dec. 30, 1933.

Edwin B. H. Tower, Jr., of Milwaukee, Wis., for appellant.

*Rehearing denied February 12, 1934.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. ·

An application for a patent on a floor polishing machine was filed in the Patent Office by the appellant, on May 2, 1927. The specification and drawings disclosed the machine to be used in polishing floors. It is succinctly described in the decision of the Board of Appeals as follows:

"Applicant's device is intended for use in polishing floors. It comprises a rotatable brush and an electric motor for driving the same. A handle extends from the axis of the brush in an upwardly inclined direction when the device is in its intended operative position, the motor at this time being located directly above the brush. The motor is mounted on a shaft parallel to the axis of the brush and each end of the motor shaft is connected to the corresponding end of the brush shaft by a belt drive. The motor is pivotally mounted in its supporting frame and is normally pressed upward away from the brush to tighten the belts by a spring located beneath the motor and above a cross member of the frame. The brush is rotated in such direction as to tend to move the device along the floor away from the operator. It is the only floor engaging means of the device and since the motor is located directly thereabove, the entire weight of the motor is available for the purpose of holding the brush in the desired pressure contact with the floor."

Claims 11 to 14, inclusive, were rejected by the Examiner on the following references: Keel et al. (Swiss), 47,388, May 12, 1909; Schmoll (German), 339,307, Oct. 13, 1922; Beach, 1,588,157, June 8, 1926.

The rejection was affirmed by the Board of Appeals.

We believe the rejection was fully justified by the references cited. The reference patent to Beach, the appellant, shows the same arrangement of parts, except that the motor is mounted between the brush and the handle instead of over the brush, as in appellant's present application. This, the appellant states, made it necessary to support the motor, in part, by the handle, as the operator used it; that it also required a heavier motor to produce the same weight upon the brush than is required in the present device where the motor, being mounted above the brush, exerts more weight upon the brush. However, it will be observed that this would only be true with appellant's present device, where the handle is constantly held at such an angle by the operator that the motor is directly or substantially directly above the brush.

There is nothing inventive in thus placing the motor, as is shown by the reference patent to Keel et al., where the motor is directly above the brush. The same is substantially true in the reference to Schmoll.

We find no error in the decision of the Board of Appeals and it is, therefore, affirmed.

Affirmed.